PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2006 Nissan Altima struck a rock on Route 52 in Welch, McDowell County. Route 52 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:45 p.m. on April 23, 2008. Route 52 is a paved, two-lane road at the area of the incident involved in this claim. As claimant was driving from Welch to Kimble at a speed of approximately twenty-five to thirty-five miles per hour, her vehicle struck a rock in the road. The vehicle in front of her went over the rock which caused the rock to flip back toward her vehicle and it went over the rock causing damage to her vehicle’s exhaust system. She explained that the rock must have fallen from the mountainside onto the roadway. Although claimant had traveled on this road earlier that day, she did not recall seeing the rock. As a result of this incident, claimant’s vehicle sustained damage to its exhaust system in the amount of $676.46.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 52. The respondent did not present any witnesses at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to *155 justify an award. Coburn v. Dep’t. of Highways, 16 Ct. Cl. 68 (1986).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on Route 52. The Court cannot hold respondent liable for the spontaneous falling of a rock. While the Court is sympathetic to claimant’s plight, the fact remains that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.